**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 12 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HASSAN AJI, | No. 07-71284 |
| Petitioner, | Agency No. A078-750-805 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| HASSAN AJI, | No. 07-73502 |
| Petitioner, | Agency No. A078-750-805 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 31, 2011
Pasadena, California

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule. 36-3.

Before: ALARCÓN, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Hassan Aji, a native and citizen of Syria, petitions for review of two Board of Immigration Appeals ("BIA") decisions. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

I

Accepting Aji's explanation for his delay in filing his asylum application as an undisputed fact, we conclude that the agency did not err in denying his application as time barred. Aji's subjective belief that his family members in Syria might come to harm if he applied for asylum did not demonstrate the type of extraordinary circumstances that would excuse the late filing of his application, such as serious illness, legal incapacity, or ineffective assistance of counsel. 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 208.4(a)(5)(i)-(iii).

II

With respect to Aji's withholding of removal and Convention Against Torture ("CAT") claims, the record evidence supports the agency's determination that significant inconsistencies existed between the event described in his application and his account during his merits hearing of the harm he suffered and feared in Syria. *See Don v. Gonzales*, 476 F.3d 738, 742 (9th Cir. 2007) (concluding that "the lack of details regarding the event that allegedly spurred the

[claimed persecution] goes to the heart of [the applicant's] persecution claim and is not trivial"); *Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006) ("An inconsistency goes to the heart of a claim if it concerns events central to petitioner's version of why he was persecuted and fled."). The record reflects that Aji was given an opportunity to explain the inconsistencies, *see Joseph v. Holder*, 600 F.3d 1235, 1244-45 (9th Cir. 2010); and it does not compel the conclusion that the person who assisted him in preparing his asylum application failed to record accurately his account. Accordingly, substantial evidence supports the agency's denial of Aji's application for withholding of removal and relief under CAT on the basis of the adverse credibility finding.

### III

The BIA did not abuse its discretion in denying Aji's motion to reopen his removal proceedings in order to permit him to apply for adjustment of status under Section 245(i), 8 U.S.C. § 1255(i), on the basis of an immigrant visa petition filed by his first wife on April 30, 2001. Aji's submission of only a copy of the filing receipt for that immigrant visa petition (the so-called "grandfathering petition" for purposes of Section 245(i) eligibility) gave no indication of whether the petition was approvable when filed. *See* 8 CFR § 1003.2*(c)(1)* ("A motion to reopen proceedings for the purpose of submitting an application for relief must be

3

accompanied by the appropriate application for relief and all supporting documentation."); *see also* 8 C.F.R. § 1245.10(a)(3) (defining "approvable when filed" requirement for grandfathering under INA Section 245(i) to mean that "as of the date of the filing . . ., the qualifying petition . . . was [1] properly filed, [2] meritorious in fact, and [3] non-frivolous ('frivolous' being defined herein as patently without substance)"). At most, the filing receipt for the grandfathering petition establishes that the petition was "properly filed." 8 CFR § 1245.10(a)(2)(i) ("Properly filed means . . . [w]ith respect to a qualifying immigrant visa petition, that the application was physically received by the Service on or before April 30, 2001, or if mailed, was postmarked on or before April 30, 2001, and accepted for filing . . . ."). It provides no further indication of whether the grandfathering petition was "approvable when filed."

**DENIED.**